UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          v.                                            DECISION AND ORDER
                                                       10-CR–351

ANTHONY IGHODARO

                        Defendant.

---

## Introduction

Before the Court is defendant Anthony Ighodaro's motion to preclude certain evidence and testimony because the Government released the Canadian rental car driven by defendant at the time of his arrest, before defendant had an opportunity to inspect the car, and the vehicle is now unavailable. For the following reasons, defendant's motion is denied in its entirety.

## Relevant Facts and Procedural Posture

Defendant is charged in a two-count indictment with: (1) unlawfully importing into the United States a substance containing 3, 4-methylenedioxymethamphetamine ("MDMA") and 1-benzylpiperazine, a schedule I controlled substance, (in violation of 21 U.S.C. §§§952(a), 960(a)(1) and 960(b)(3)); and (2) fraudulently importing MDMA and 1-benzylpiperazine (in violation of 18 U.S.C. §545). (Dkt. No. 17)

According to the facts of the case, defendant attempted to enter the United States at the Peace Bridge port of entry on July 25, 2010. Defendant was driving a 2007 Pontiac G6 bearing license plates from Ontario, Canada. The vehicle had been rented from Economy Car and Truck Rental in Brampton, Ontario to an individual later identified as Gregory Grant. Grant was the sole driver listed on the rental agreement, but was not present in the vehicle at the time defendant attempted to enter the United States.

Defendant was initially questioned by Customs and Border officers. Because defendant was driving a rental car and was not listed on the rental agreement, he was escorted to secondary inspection. Agents found contraband secreted in the vehicle. Specifically, six bags of a substance containing MDMA were recovered from the bumper region of the rental car.

On November 17, 2010, the matter was referred to Magistrate Judge Jeremiah J. McCarthy for supervision of all pretrial proceeding. (Dkt. No. 18) Defendant was arraigned on November 23, 2010. (Dkt. No. 19) On May 30, 2011, defendant filed a motion to suppress physical evidence and statements made at the time of his arrest.[1] (Dkt. No. 39) An evidentiary hearing was held before the Magistrate Judge and the parties had an opportunity to file post-

---

[1] With respect to his motion to suppress physical evidence, defendant argued that he was coerced into signing a statement that allowed agents to search his cellular telephone. Defendant did not move to suppress the MDMA recovered from the vehicle's bumper.

2

hearing briefs.  (Dkt. Nos. 50 and 52)  On July 5, 2012, Magistrate Judge McCarthy issued a Report and Recommendation recommending that defendant's motion to suppress statements and physical evidence be denied.  (Dkt. No. 62)  On October 30, 2012, this Court adopted Magistrate Judge McCarthy's Report and Recommendation in its entirety.  (Dkt. No. 71)

From November of 2012 through early January of 2013 the parties sought a number of continuances in an attempt to explore a plea disposition.  This Court conducted a status conference on January 11, 2013, at which time defense counsel indicated that he had reached an impasse with his client.  Defendant requested new counsel and the Court denied defendant's request.  Another status conference was held on March 11, 2013.  At that time, defense counsel indicated that defendant's family had hired Canadian counsel and that he had met with the Canadian lawyer on March 8, 2013.  Defense counsel sought to file one additional motion on behalf of his client, and the Court issued a briefing schedule.

On April 11, 2013, defendant filed the instant motion to preclude evidence and testimony based upon missing or destroyed evidence.  (Dkt. No. 76)  Specifically, defendant asserts that the 2007 Pontiac G6 rental car, driven by defendant on the day of his arrest, is no longer available for his inspection and investigation.  Defendant maintains that the vehicle is material "to the issue of guilt or innocence and critical to the heart of the defense".  Defendant further

3

claims that the appropriate sanction is preclusion of testimony and evidence relating to the significance of the vehicle.

The Government opposes the motion on the grounds that defendant has not established any prejudicial effect, has not shown that the vehicle is material to guilt or innocence, and has not demonstrated any bad faith on the part of the Government.[2] (Dkt. No. 77)

## Discussion

Spoilation is the destruction or significant alteration of evidence, or "the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 457 (2d. Cir. 2007). The Government has a duty to preserve discoverable evidence, and the Government's loss of evidence may deprive a defendant to his right to a fair trial. *United States v. Rahman*, 189 F.3d 88, 139 (2d. Cir. 1999).

The Second Circuit has found that the "appropriateness and extent of sanctions in such situations depends upon a case-by-case assessment of the government's culpability for the loss, together with a realistic appraisal of its

---

[2]The Government also argues that counsel has represented defendant for the last fourteen (14) months, and has only recently attempted to examine the vehicle. While defendant does not provide the exact date he initially sought an examination of the vehicle, it appears, based upon the prior proceedings and the timing of the instant motion, that defense counsel did not attempt to locate the rental car until the early part of 2013.

significance when viewed in light of its nature, its bearing upon critical issues in the case and the strength of the government's untainted proof." *United States v. Grammatikos*, 633 F.2d 1013 (2d Cir. 1980) (the proper methodology in determining whether to preclude evidence due to the Government's failure to preserve is to "weigh the degree of negligence or bad faith involved, the importance of the evidence lost and the evidence of guilt adduced at the trial").

In order to show that the destroyed or missing evidence would play a significant role in his defense, a defendant must demonstrate that: (1) the evidence possessed an exculpatory value that was apparent before the evidence was destroyed; (2) the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means; and (3) the Government acted in bad faith. *United States v. Barnes*, 411 Fed. Appx. 365 (2d. Cir. 2011).

In *Barnes*, a defendant argued that the district court improperly admitted evidence that a murder victim's DNA was found on two bills seized at defendant's apartment, because the Government lost the evidence before the defendant could conduct his own DNA analysis. 411 Fed. Appx. At 365. The Second Circuit found that the district court did not err by permitting introduction of the evidence since its loss was not a product of bad faith, defendant could have challenged the expert's result through cross-examination, and defendant's contention that independent DNA testing would have proved that the victim's

DNA was not on the bill would have failed to establish his innocence. The Second Circuit noted that unless a defendant can show bad faith on the part of the state, "failure to preserve potentially useful evidence does not constitute a denial of due process." *See Buie v. Sullivan*, 923 F.2d 10, 11-12 (2d. Cir. 1990).

Here, the Court finds that defendant has failed to demonstrate that the vehicle in question possessed any exculpatory value that was apparent at the time it was returned to the Canadian rental agency. The central and most relevant issues here are the drugs found and where they were secreted in the car at the time of defendant's arrest. The fact that defendant was the individual driving the rental car at the Peace Bridge port of entry is not in dispute. The Government has produced numerous photographs, taken on the day of the arrest, depicting the drugs themselves, the vehicle in question, and the location of the drugs in the vehicle at the time of the seizure. Defendant fails to point to any relevant evidence at all, let alone exculpatory evidence, which could have been discovered through an inspection of the vehicle weeks or months later, at the time the car was returned to the rental company.

Secondly, defendant has failed to demonstrate that the evidence was of such a nature that defendant would not be able to obtain comparable evidence by other reasonable means. Defendant argues that testimony about the vehicle must be precluded because the Government will base a significant portion of its proof upon the methods and practices of drug smugglers and how drugs are

6

secreted, stored and transported across the county and internationally. Defendant can cross-examine the Government's expert witnesses with respect to any testimony they provide about the routine practices of drug smugglers. Defendant can also cross-examine the Government's fact witnesses as to where the drugs were found, the manner in which they were hidden in the car and the methods used to search the car. Defendant is in possession of photographs taken during the search and is well aware of where the drugs were discovered. Defendant drove the car himself and is clearly familiar with the make-up and appearance of the vehicle. Indeed, defendant has failed to present any concrete reason as to how examination of the vehicle itself, either at this time or before the vehicle was returned to the rental agency, would make a material difference with respect to his preparation or presentation of a defense.[3]

Finally, there has been no showing of bad faith or culpability on the part of the Government. Here, defense counsel and an investigator traveled to Ontario, Canada in an attempt to inspect the vehicle. They were informed, by the rental

---

[3]Defendant also contends that the search which produced the drugs was not a routine border search and that his inability to inspect the car will hinder his cross-examination of the agents, since defendant was separated from his car at the time of the search. An alien, upon presentation to an established border checkpoint for entry into the United States, is deemed to have waived any routine search of his person or property. *United States v. Charleus*, 801 F.2d 265, 268 (2d. Cir. 1989). The search of the interior of the entrant's car is part of a routine border procedure. *United v. Ullah*, 2005 U.S. Dist. Lexis 12419 (WDNY 2005). Further, any search of the car that was beyond "routine" was met by reasonable suspicion, since defendant was driving a rental car that he was not authorized to drive.

agency, that the vehicle was no longer available due to an accident.[4] While the Government should have provided notice, to defense counsel, of its intent to release the vehicle to the Ontario rental agency, there has been no showing that the Government's failure to provide such notice was done for an improper purpose. Further, the fact that the vehicle was later totaled in an accident is certainly not the fault of the Government. There is no evidence that the Government deliberately tried to conceal or destroy evidence, nor is there any indication that the Government was acting in bad faith when it returned the car to its lawful owner. Thus, defendant has not demonstrated the prejudice necessary to preclude testimony or evidence relating to the significance of the vehicle.

## **Conclusion**

For the foregoing reasons, defendant's motion to preclude or suppress evidence is denied. The parties are directed to appear before this Court on June 19, 2013 at 9:00 am for a status conference or meeting to set a trial date.

SO ORDERED.

                                          HONORABLE RICHARD J. ARCARA
                                          UNITED STATES DISTRICT JUDGE

DATED: June 18, 2013

---

[4] Based upon the Government's response to defendant's motion, it appears that the vehicle was totaled in an accident approximately one year after defendant's arrest.